**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **VIKING INVESTMENTS L.L.C., ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO:   23-5355** |
| **BANKERS INSURANCE COMPANY** | **SECTION: "J" (4)** |

<u>**ORDER & REASONS**</u>

Before the Court is Defendant Bankers Insurance Company's **Motion for Protective Order To Limit the Scope of the 30(b)(6) Deposition of Bankers Insurance Company (R. Doc. 34)**, seeking to limit the scope of Plaintiffs' topics in their 30(b)(6) video deposition notice. The motion was opposed. R. Doc. 36. The motion was heard by oral argument on Wednesday, February 25, 2026.

**I.      Introduction**

**A.  Factual Background**

This litigation arises out of property damages Plaintiffs Viking Investments LLC and A.K. Suda, Inc. ("Plaintiffs') sustained during Hurricane Ida which made landfall in Jefferson Parish around August 29, 2021. R. Doc. 1-2 at 1.  Plaintiffs claim that the hurricane caused extensive interior and exterior damages to the property due to high winds and rains and content damages. *Id.* A.K. Suda also claim to have suffered consequential damages in the form of wages paid to retain employees during the building shutdown. *Id.*    Plaintiffs claim to have received an estimate prepared on behalf of Bankers, issued by Command Claims in the amount $48,062.42 less a deductible of $25,025.82 for a net recovery of $23,036.00, which was paid to Viking. *Id.*

Plaintiffs contend no recovery was assigned to mold mitigation and remediation, damaged contents, or costs in the form of employee wages paid when the building was shutdown. *Id.* at 2.

After submitting these concerns to Bankers, Plaintiffs claim that Bankers refused to pay anything beyond what Command Claims estimated. R. Doc. 1-2 at 2. Plaintiffs contend that they agreed with Bankers to submit the property's physical damage claim to appraisal, in accordance with the provisions of the insurance policy.[1] *Id.*  Plaintiffs maintain that the Defendant acted in bad faith by refusing to pay Plaintiffs the appraisal award, the cost of mold mitigation/remediation, the loss of contents, and costs associated with the shutdown of the building. *Id.* Plaintiffs originally filed suit in the 24th Judicial District for the Parish of Jefferson, and Defendant subsequently removed the case to this Court in September 2023.

### B.  Motion for Protective Order

Bankers filed the subject motion seeking to limit the topics listed in Plaintiffs' 30(b)(6) deposition notice. R. Doc. 34 at 1. Bankers contends the topics are either overly broad, disproportionate to the subject claim, irrelevant to the Plaintiffs' claims and this litigation, inclusive of confidential/proprietary business information, and designed to harass. *Id*.  On August 14, 2025, Bankers claim to have received the 30(b)(6) Notice of Corporate Deposition. R. Doc. 34-1 at 2.  On August 20, 2025, Bankers claim the parties had a Rule 37 conference where Bankers discussed objections to certain proposed topics. *Id*. at 3.  Bankers claim the parties came to an agreement on all topics except for numbers 4, 5, 6, and 18. Id.

Plaintiffs contend that the Motion should be deemed untimely since the defendant received the notice in August 2023, they met and had a Rule 37 conference in an attempt to resolve their differences.  R. doc. 36. The deposition was thereafter scheduled some four months later and just

---

[1] On May 14, 2023, Plaintiffs assert that an appraisal award covering only physical losses to the Property in the amount of $569,097.73 was issued to satisfy the damages to the property. R. Doc. 1-2 at 2. Plaintiffs maintain that the appraisal process did not address the cost of mold mitigation and remediation at $139,396.44, loss of contents estimated at $137,013.68 or the costs of wages paid during the building shutdown estimated at $51,536.33 owed to Viking and/or A.K. Suda. *Id.*

prior to the deposition, the defendants filed the subject motion seeking to limit the scope of the deposition and unilaterally cancelled the deposition. R. Doc. 36 at 1.   Plaintiffs suggests that this late filed motion is simply to delay. *Id*.

Plaintiffs further contend that its deposition topics are relevant and proportional to the case. R. Doc. 30 at 2. Additionally, Plaintiff contend that Defendant's privilege objections are unsupported because Defendant has failed to produce a proper privilege log as required by the Hurricane Ida Case Management Order and Rule 26(b)(5). *Id.* at 4.

## II.    Legal Standard

"Rule 30(b)(6) allows parties to obtain testimony from a corporation, provided the party describes with reasonable particularity the matters for examination." *Mike Hooks Dredging Co., Inc. v. Eckstein Marine Service, Inc.*, No. 08-3945, 2011 WL 2559821, at *1 (E.D. La. June 28, 2011) (Berrigan, J.) (citing Fed. R. Civ. P. 30(b)(6)). Thereafter, the named organization "must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify." Fed. R. Civ. P. 30(b)(6); *id.; see also*, *Brazos River Auth. v. GE Ionics, Inc.*, 469 F.3d 416, 433 (5th Cir. 2006) (quoting 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2103, at 33 (2d Ed. 1994)) ("'Obviously it is not literally possible to take the deposition of a corporation; instead . . . the information sought must be obtained from natural persons who can speak for the corporation.'").

As the Fifth Circuit has explained:

The deponent must make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought by [the party noticing the deposition] and to *prepare* those persons in order that they can answer fully, completely, unevasively, the questions posed ... as to the relevant subject matters. [T]he duty to present and prepare a Rule 30(b)(6) designee goes beyond matters personally known to that designee or to matters in which that designee was

3

personally involved. The deponent must prepare the designee to the extent matters are reasonably available, whether from documents, past employees, or other sources.

*Brazos River Auth.*, 469 F.3d at 433 (internal quotations and citations omitted).

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." *Id.* Rule 26(b)(1) also specifies that discovery must be "proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

Under Rule 26(b)(2)(C), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the proposed discovery is outside of the scope permitted under Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

Finally, Rule 26(c) governs the issuances of protective orders. A Court may "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The rule offers a variety of potential options that the Court may use to protect the moving party, including forbidding or limiting the scope of discovery into certain matters. Fed. R. Civ. P. 26(c)(1)(D).

"The party seeking the protective order bears the burden to show 'the necessity of its issuance, which contemplates a particular and specific demonstration of fact[.]'" *Cazaubon v. MR*

*Precious Metals, LLC*, No. 14-2241, 2015 WL 4937888, at *2 (E.D. La. Aug. 17, 2015) (quoting

*In re Terra Int'l*, 134 F.3d 302, 306 (5th Cir.1998)). The trial court enjoys wide discretion in setting

the parameters of a protective order. *See Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984)

("To be sure, Rule 26(c) confers broad discretion on the trial court to decide when a protective

order is appropriate and what degree of protection is required."). Rule 26(c)(1) requires a

certification that the moving party has conferred or attempted to confer in good faith with the other

affected party to resolve the issue without the court's interference. Fed. R. Civ. P. 26(c)(1).

### III.    <u>Analysis</u>

The Defendant has filed the instant motion, seeking an order from the Court to limit the

scope of four deposition topics noticed in its 30(b)(6) deposition. R. Doc. 34.

**A. Topic No. 4: The percentage of times that Banker's "desk" adjusters have modified Bankers' "field" adjusters' recommendations for payment of damages to an assured's (sic) property from a covered event/occurrence; also the reason why those decisions were made.**

Defendant states that the proposed topic could be relevant even though there is no

allegation that the field adjusters' recommendations were modified by the desk adjuster.  Tr. 34-

1.  Bankers proposes only that this inquiry should be limited to the subject claim. *Id.*  Bankers also

objects that it's overly broad and irrelevant and not proportional to the subject claim. *Id*.

Plaintiff contends that they are seeking to determine the percentage of time that this

occurred over any and all claims of Bankers from January 1, 2021, through December 31, 2022.

Plaintiff does not provide any further explanation for the period of time that it proposed.

Regarding Topic No. 4, the Court finds that Defendant must prepare its 30(b)(6) witness

to testify regarding the percentage of time that Banker's desk adjusters have modified the "field"

adjuster's recommendation in Ida cases for damage payments and why from August 29, 2021 to

August 29, 2022.

**B. Topic No. 5: The percentage of times that Banker's "desk" adjusters failed to pay the insured the amount recommended by Bankers' field adjusters for the damages to an insured's property from a covered event/occurrence; also, the reason for the decision.**

**C. Topic No. 6: (As it regards to Topic No. 4 & 5) how many times did Bankers fail to pay what their field adjusters recommended to compensate insured(s) for the damages suffered by an insured's property following Hurricane Ida; also the reasons why those decisions were made.**

Defendant objects to Topic No. 5 & 6 on grounds that it objects to the scope of the topic. It further suggests that the inquiry should be limited to the Ida claims.  R. doc. 34-1.

Plaintiffs contend that they are entitled to this information regarding the percentage of time Bakers did not pay the amount recommended by an adjuster from January 1, 2021 through December 31, 2022.

The Court sustains the objection  finding that Topic 5 is not relevant because field adjusters normally do not make damage assessment payments and notes that the decisions are usually made by desk adjusters with advice of counsel.

As to Topic 6, if there was a modification of a field adjuster's recommendation in Ida claims, it is relevant and a permissible topic. Defendant must prepare its 30(b)(6) witness to testify regarding the times that Bankers failed to pay "field" adjuster's recommendation regarding Ida cases for damage payments and why from August 29, 2021 to August 29, 2022.

**Topic No. 18:  Denial of payment of agreed upon settlement regarding the Hurricane Zeta damage claim by AK Suda. [2]**

---

[2] R. Doc. 34-1 at 11.

Defendant objects to Subject Nos. 18 which seeks to question the witness about the denial of payment of agreed upon settlement regarding the Hurricane Zeta damage claim by AK Suda. *Id.* Bankers maintains its original objection contending that this topic is not relevant. *Id.*

Upon consideration of the issue, the Court determined that Topic No. 18 is not relevant to the subject claim. In so doing the Court noted that the plaintiff had previously made a claim regarding Hurricane Zeta which resulted in a lawsuit that has since been compromised. The Court noted that what happened in the Hurricane Zeta case has no bearing on the subject case. Therefore, the Court found that Topic No. 18 is improper and shall not be permitted.

**Accordingly,**

IV.    **Conclusion**

**IT IS ORDERED** that the Defendant's **Motion for Protective Order  to Limit the Scope of the 30(B)(6) ( R. Doc. 34)** is **GRANTED in Part and DENIED in Part.**

**IT IS FURTHER ORDERED** that the motion is **GRANTED** as to topics 5 and 18 and these Topics may not be pursued.

**IT IS FURTHER ORDERED** that the motion is **DENIED** as to topics 4 and 6, subject to limitations set forth in this Order.

New Orleans, Louisiana, this 25th day of March 2026.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**